1  JOHN C. ULIN (State Bar No. 165524)
   John.Ulin@aporter.com
2  ERIC D. MASON (State Bar No. 259233)
   Eric.Mason@aporter.com
3  ARNOLD & PORTER LLP
   777 South Figueroa Street, 44th Floor
4  Los Angeles, California  90017-5844
   Telephone: (213) 243-4000
5  Facsimile:  (213) 243-4199
6
   *Attorneys for Plaintiff*
7  *RCRV, Inc. d/b/a Rock Revival*
8
9           **UNITED STATES DISTRICT COURT**
10          **CENTRAL DISTRICT OF CALIFORNIA**
11               **WESTERN DIVISION**
12
13  RCRV, INC. d/b/a ROCK REVIVAL,      )   Case No.:  2:13-cv-07534
    a California corporation,           )
14                                      )   **COMPLAINT FOR:**
                                        )
15              Plaintiff,              )   (1)  Trademark Infringement in Violation of
                                        )        15 U.S.C. § 1114;
16        v.                            )
                                        )   (2)  False Designation of Origin in Violation
17  EXPRESS, INC., a Delaware           )        of 15 U.S.C. § 1125(a);
    corporation, SUNRISE BRANDS,        )
18  LLC, a California limited liability )   (3)  Common Law Trademark Infringement
    company, REROCK LLC, a California   )        and Unfair Competition;
19  limited liability company, and      )
    GUANGZHOU NANDADI TEXTILE           )   (4)  Unfair Competition in Violation of
20  GARMENT CO., LTD., a Chinese        )        California Bus. & Prof. Code §§ 17200
    limited liability company,          )        *et seq.*;
21                                      )
                                        )
22              Defendants.             )
                                        )
23                                      )
                                        )
24                                      )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28  _____)

Plaintiff RCRV, Inc. d/b/a Rock Revival ("RCRV"), by and through its undersigned counsel, complains of defendants Express, Inc. ("Express"), Sunrise Brands, LLC ("Sunrise"), Rerock, LLC ("Rerock"), and Guangzhou Nandadi Textile Garment Co., Ltd. ("Guangzhou Nandadi") (collectively "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.  Plaintiff's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., and substantial and related claims under the statutory and common law of the State of California.

2.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants are either subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## NATURE OF THE ACTION

3.     Plaintiff seeks injunctive relief and damages for acts of trademark counterfeiting and infringement, false designation of origin, and unfair competition, engaged in by Defendants in violation of the laws of the United States and the State of California.

4.     In particular, this case concerns Defendants' willful, deliberate and systematic targeting of RCRV, and its infringement of RCRV's distinctive INVERTED FLEUR-DE-LIS DESIGN trademark used on and in connection with its highly successful line of ROCK REVIVAL brand jeanswear products.  After substantial resources had been expended by RCRV promoting and selling jeanswear products featuring its INVERTED FLEUR-DE-LIS DESIGN, and after consumers had come to recognize such design and associate it exclusively with RCRV, Defendants created and introduced jeanswear products with virtually identical designs.  This conduct was undertaken in bad faith, was without RCRV's consent,

and was engaged in by Defendants with full knowledge of RCRV's rights in its distinctive INVERTED FLEUR-DE-LIS DESIGN trademark, and deliberately so that they could compete directly with RCRV and siphon off sales from RCRV's popular ROCK REVIVAL jeanswear line.

## THE PARTIES

5.      Plaintiff RCRV is a corporation duly organized and existing under the laws of the State of California, with its principal place of business at 4715 South Alameda Street, Los Angeles, California 90058.

6.      Upon information and belief, Defendant Express is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Express Drive, Columbus, Ohio 43230.

7.      Upon information and belief, Defendant Sunrise is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business located at 801 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

8.      Upon information and belief, Defendant Rerock is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business located at 801 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

9.      Upon information and belief, Defendant Guangzhou Nandadi is a limited liability company duly organized and existing under the laws of the People's Republic of China, with its principal place of business located at Shapu Industrial Development Zone, Zengcheng, Guangzhou 511338, the People's Republic of China.

## RCRV'S BUSINESS

10.      RCRV manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the ROCK REVIVAL brand name.

11.     ROCK REVIVAL brand jeanswear is sold at retail by such well-known fashion chain stores and department stores as The Buckle and Nordstrom, both in-store and online.  ROCK REVIVAL brand jeanswear and denim products have become very popular in the highly competitive jeanswear market.  Among the many elements that distinguish ROCK REVIVAL jeanswear from its competitors are a series of design elements embroidered onto the jeans that are used exclusively on ROCK REVIVAL jeanswear, and which have come to identify RCRV as the source of such products.

### RCRV'S INVERTED FLEUR-DE-LIS DESIGN MARK

12.     In March 2006, RCRV's predecessor introduced a distinctive Inverted Fleur-de-lis Design embroidered onto the rear pocket of its jeans (the "INVERTED FLEUR-DE-LIS DESIGN Trademark"), a new and unique design that was unlike anything used before in the jeanswear industry.  Given its innovative design characteristics, the INVERTED FLEUR-DE-LIS DESIGN is an inherently distinctive identifier that became immediately associated with ROCK REVIVAL brand jeanswear products.  Further, RCRV and its predecessor have continuously and exclusively used the INVERTED FLEUR-DE-LIS DESIGN on jeanswear products since March 2006, to the point where the INVERTED FLEUR-DE-LIS DESIGN has became the signature design of RCRV's business.

13.     The INVERTED FLEUR-DE-LIS DESIGN Trademark is the subject of U.S. Trademark Registration No. 4,248,371, registered on November 27, 2012 on the Principal Register for jeans.  RCRV's trademark registration for the INVERTED FLEUR-DE-LIS DESIGN Trademark is in full force and effect.  A copy of the registration certificate for the INVERTED FLEUR-DE-LIS DESIGN Trademark along with a photograph of the INVERTED FLEUR-DE-LIS DESIGN as used by RCRV on its ROCK REVIVAL line of jeanswear products is attached hereto as Exhibit A.

14.     RCRV products bearing the INVERTED FLEUR-DE-LIS DESIGN are distributed and sold in over 900 stores worldwide, including retailers such as Nordstrom and The Buckle.  In addition, products bearing the INVERTED FLEUR-DE-LIS DESIGN are featured on-line at RCRV's ROCK REVIVAL brand official website, <www.rockrevival.com>, and are sold on various websites affiliated with RCRV's authorized retail department stores.

15.     In the United States, sales of RCRV's products featuring the INVERTED FLEUR-DE-LIS DESIGN have been rapidly increasing over the past few years.  For example, sales of products bearing the INVERTED FLEUR-DE-LIS DESIGN exceeded $4 million in 2008, $20 million in 2009, $30 million in 2010, $50 million in 2011, and $60 million in 2012.

16.     Moreover, RCRV and its predecessor have consistently promoted the INVERTED FLEUR-DE-LIS DESIGN as an indicator of source for ROCK REVIVAL jeans, and RCRV has expended substantial amounts of money promoting the INVERTED FLEUR-DE-LIS DESIGN as an indicator of source for its goods.  In particular, over the last five plus years, the INVERTED FLEUR-DE-LIS DESIGN has enjoyed coverage in leading mainstream and fashion publications in the United States.  For example, the leading fashion industry publication *Women's Wear Daily* listed ROCK REVIVAL as the tenth-most searched-for denim brand in its April 2009 edition and in its November 2009 edition focusing on jeanswear rear pocket designs.

17.     The INVERTED FLEUR-DE-LIS DESIGN is featured on the rear pocket of nearly all RCRV jeanswear products and RCRV's retail customers consistently recognize the INVERTED FLEUR-DE-LIS DESIGN as RCRV's "signature" and/or "trademark."

18.     Further, celebrities have repeatedly been seen wearing RCRV jeanswear bearing the INVERTED FLEUR-DE-LIS DESIGN, creating millions of commercial "impressions" of the design, including Steven Tyler, lead singer of the famous rock band Aerosmith, in *Rolling Stone* magazine; the Oscar winning actress, Halle Berry,

in *US Weekly*; Teri Hatcher on the popular television show Desperate Housewives; and former National Football League star, and Dancing With The Stars winner, Hines Ward.

19.     Accordingly, in addition to being, in and of itself, inherently distinctive, the INVERTED FLEUR-DE-LIS DESIGN Trademark has, through extensive sales, promotion and media coverage of ROCK REVIVAL jeanswear, come to identify RCRV as the exclusive source of such products.  As a result of RCRV's broad media exposure, and the uninterrupted and continuing promotion and sale of ROCK REVIVAL jeanswear bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark, the design has acquired distinctiveness, and has developed a strong secondary meaning among consumers and the trade, immediately identifying RCRV as the exclusive source of products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark, and signifying goodwill of incalculable value.

## DEFENDANTS' INFRINGING CONDUCT

20.     Upon information and belief, Defendants are currently, and at all times relevant hereto have been, engaged in the business of designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and selling jeanswear products.

21.     Upon information and belief, Defendants are designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling, and/or are causing to be designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from RCRV, jeanswear products bearing designs that are confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark (the "Infringing Designs").

22.     Upon information and belief, Defendant Rerock is the owner of the REROCK brand, Defendant Sunrise is the licensee of the REROCK brand, and importer and distributor of products bearing the Infringing Designs, Defendant

Guangzhou Nandadi is the manufacturer of the Infringing Designs, and Defendant Express is the exclusive retailer of the Infringing Designs.

23.     Photographs of the inverted fleur-de-lis designs used by Defendants on their REROCK line jeanswear products, which are confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, are attached hereto as Exhibit B. A photographic comparison of RCRV's INVERTED FLEUR-DE-LIS DESIGN and examples of certain of the Infringing Designs being used by Defendants is set forth below:

| RCRV's INVERTED FLEUR-DE-LIS DESIGN | Defendants' Inverted Fleur-De-Lis Designs | |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1
2
3
4
5
6
7
8
9
10
11
12



13    24.    Upon information and belief, Defendants distribute, supply, advertise,

promote, offer for sale and/or sell products bearing the Infringing Designs throughout

the United States, including in this judicial district.

25.    Rather than going to the effort and expense of developing and creating

their own unique, source-identifying designs, Defendants have deliberately,

knowingly and faithfully knocked off RCRV's INVERTED FLEUR-DE-LIS

DESIGN Trademark.  As a result, the jeanswear products bearing the Infringing

Designs are likely to cause consumers, either at the point-of-sale or in the post-sale

environment, to believe that products bearing the Infringing Designs are authorized,

sponsored, approved, endorsed or licensed by RCRV, or are in some other way

affiliated, associated, or connected with RCRV.

26.    Upon information and belief, Defendants were aware that RCRV's

INVERTED FLEUR-DE-LIS DESIGN Trademark was a well-known design of

RCRV at the time they began using the Infringing Designs on their jeanswear

products.  Accordingly, upon information and belief, Defendants have been engaging

in the above-described unlawful activities knowingly and intentionally, and/or with

reckless disregard for RCRV's rights in the INVERTED FLEUR-DE-LIS DESIGN Trademark.

27. Upon information and belief, Defendants intend to continue to design, manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell products bearing the Infringing Designs, unless otherwise restrained by this Court.

28. Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark to identify RCRV as the exclusive source of goods to which it is affixed.

## FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

29. The allegations set forth in paragraphs 1 through 28 hereof are adopted and incorporated by reference as if fully set forth herein.

30. By the acts alleged herein, Defendants are using marks that are confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and have infringed, and continue to infringe, the INVERTED FLEUR-DE-LIS DESIGN Trademark, in violation of 15 U.S.C. § 1114.

31. Upon information and belief, Defendants' use of marks that are confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such Infringing Designs, or as to a possible affiliation, connection or association between RCRV and Defendants' REROCK jeanswear line.

32. Upon information and belief, Defendants have acted with knowledge of RCRV's ownership of the INVERTED FLEUR-DE-LIS DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

33. Defendants' acts constitute willful trademark infringement in violation

1    of 15 U.S.C. § 1114.

2        34.    Upon information and belief, by their actions, Defendants intend to

3    continue their unlawful conduct, and to willfully infringe RCRV's INVERTED

4    FLEUR-DE-LIS DESIGN Trademark, unless restrained by this Court.

5        35.    Upon information and belief, by their willful acts, Defendants have

6    made and will continue to make substantial profits and gains to which they are not in

7    law or equity entitled.

8        36.    Defendants' acts have damaged and, unless enjoined, will continue to

9    irreparably damage RCRV, and RCRV has no adequate remedy at law.

10   **SECOND CLAIM FOR RELIEF**

11   **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

12       37.    The allegations set forth in paragraphs 1 through 36 hereof are adopted

13   and incorporated by reference as if fully set forth herein.

14       38.    Upon information and belief, Defendants' use of marks that are

15   confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark has

16   caused, is intended to cause, and is likely to continue to cause confusion, mistake and

17   deception among the general consuming public and the trade as to the source of such

18   products, or as to a possible affiliation, connection or association between RCRV and

19   Defendants, and/or between RCRV and such products.

20       39.    Defendants conduct as aforementioned constitutes a willful false

21   designation of the origin of the products bearing the Infringing Designs, and/or false

22   and misleading descriptions and representations of fact, all in violation of 15 U.S.C. §

23   1125(a).

24       40.    Upon information and belief, by their actions, Defendants intend to

25   continue to falsely designate the origin of thier products as aforesaid, unless

26   restrained by this Court.

27       41.    Upon information and belief, by their willful acts, Defendants have

28   made and will continue to make substantial profits and gains to which they are not in

law or equity entitled.

42.   Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

43.   The allegations set forth in paragraphs 1 through 42 hereof are adopted and incorporated by reference as if fully set forth herein.

44.   By deliberately designing, manufacturing, importing, exporting, distributing, supplying, promoting, advertising, offering for sale and/or selling jeanswear products bearing the Infringing Designs, Defendants are deceptively attempting to "pass off" their products as those of RCRV, or as somehow related to or associated with, or sponsored or endorsed by, RCRV, thereby exploiting RCRV's reputation and goodwill in the marketplace.

45.   Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing the Infringing Designs, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV and Defendants' products bearing the Infringing Designs, in violation of RCRV's rights under the common law of the State of California.

46.   Upon information and belief, by their actions, Defendants intend to continue their infringing and unfairly competitive acts, unless restrained by this Court.

47.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

48.   Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

49.     Pursuant to the common law of the State of California, RCRV is entitled to injunctive relief and an award of damages and/or Defendants' profits resulting from their willful conduct.

50.     RCRV is further informed and believes that Defendants' conduct was oppressive, fraudulent and malicious, and is thereby entitled to an award of punitive damages.

**FOURTH CLAIM FOR RELIEF**

**CALIFORNIA UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code §§ 17200 _et seq._)**

51.     The allegations set forth in paragraphs 1 through 50 hereof are adopted and incorporated by reference as if fully set forth herein.

52.     The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 _et seq_.

53.     Upon information and belief, RCRV has standing to assert this claim under California Business & Professions Code §§ 17200 _et seq_. because its monetary and property interests have been damaged by the aforesaid actions of Defendants.  By way of example, upon information and belief, RCRV has lost sales of its jeanswear products due to Defendants' aforesaid conduct, and/or the value of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark has been diminished by Defendants' actions.

54.     Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

55.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

56.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

57.   Pursuant to California Business & Professions Code §§ 17200 *et seq.*, RCRV is entitled to injunctive relief and an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, RCRV demands judgment against Defendants as follows:

1.   Finding that, (i) as to Count 1, Defendants engaged in willful trademark infringement of in violation of 15 U.S.C. § 1114; (ii) as to Count 2, Defendants engaged in willful false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (iii) as to Count 3, Defendants engaged in willful trademark infringement and unfair competition under the common law of the State of California; and (iv) as to Count 4, Defendants engaged in willful unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*

2.   That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be permanently enjoined from:

(a)   Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling any products which bear the Infringing Designs, or any other designs that are confusingly similar in appearance to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and engaging in any other activity constituting an infringement of any of RCRV's rights in and to the INVERTED FLEUR-DE-LIS DESIGN Trademark; and

(b)   engaging in any activity constituting unfair competition with RCRV, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with RCRV.

3.   That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that products bearing the Infringing Designs have been designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by

RCRV, have been authorized by RCRV, or are related to or associated in any way with RCRV or its products.

4.     That Defendants be required to recall all products bearing the Infringing Designs along with all advertising and promotional materials bearing images of such Infringing Designs, and thereafter to deliver up for destruction all Infringing Designs, artwork, packaging, advertising and promotional materials, and any means of making such items.

5.     That Defendants be directed to file with the Court and serve upon RCRV, within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which each Defendant has complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6.     That the Court award RCRV (i) Defendants' profits and RCRV's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any monetary award under 15 U.S.C. § 1117 to be trebled; (ii) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§ 17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (iii) actual and punitive damages as provided under the common law of the State of California; and (iv) RCRV's attorneys' fees and litigation-related expenses incurred herein.

7.     That RCRV be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

8.     That RCRV be awarded such additional and further relief as the Court deems just and proper.

1

2

3

Dated:  October 11, 2013            ARNOLD & PORTER LLP

4

5

By:  /s/ Eric D. Mason
     John C. Ulin
     John.Ulin@aporter.com
     Eric D. Mason
     Eric.Mason@aporter.com
     777 South Figueroa Street, 44th Floor
     Los Angeles, California  90017-5844
     Telephone:  (213) 243-4000
     Facsimile:  (213) 243-4199

6

7

8

9

10

11

*Attorneys for Plaintiff RCRV, Inc.
d/b/a Rock Revival*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

3

4

# United States of America

### United States Patent and Trademark Office

5

6

7

8

9

10

11



12

**Reg. No. 4,248,371**

**Registered Nov. 27, 2012**

RCRV, INC. (CALIFORNIA CORPORATION)
4715 S. ALAMEDA STREET
LOS ANGELES, CA 90058

13

14

**Int. Cl.: 25**

FOR: APPAREL, NAMELY, JEANS, SHORTS AND SKIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

15

**TRADEMARK**

FIRST USE 11-23-2005; IN COMMERCE 3-17-2006.

16

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF A THREE-DIMENSIONAL DESIGN FEATURE CONSISTING OF A STYLIZED INVERTED FLEUR DE LIS DESIGN STITCHED ON THE BACK POCKET OF A JEANS PRODUCT, DEPICTED IN THE DRAWING AS A SOLID BLACK LINE. THE DOTTED OUTLINE OF THE GOODS IS INTENDED TO SHOW THE POSITION OF THE MARK AND IS NOT PART OF THE MARK AS SHOWN.

17

18

SEC. 2(F).

19

SER. NO. 85-330,951, FILED 5-26-2011.

20

MARK SPARACINO, EXAMINING ATTORNEY

21

22



23

24

25

26

*David J. Kappos*

Director of the United States Patent and Trademark Office

27

28

Ex. A
16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Ex. A
17

1

## **EXHIBIT B**

2



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Ex. B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Ex. B
27